```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


WALTER EDGAR WORD                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 5:05-cv-49(DCB)(JMR)

GREYHOUND LINES, INC; and
TEXAS, NEW MEXICO AND
OKLAHOMA COACHES, INC.                                  DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Texas, New Mexico and Oklahoma Coaches, Inc. ("TNM&O")'s motion to dismiss for lack of jurisdiction **(docket entry 18)**, and on the plaintiff Walter Edgar Word ("Word")'s motion for partial summary judgment **(docket entry 31)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff initially filed this action on February 25, 2002, in the Circuit Court of Warren County, Mississippi, against Greyhound Lines, Inc. ("Greyhound"). On April 14, 2005, Greyhound removed the action to this Court. On June 23, 2005, the plaintiff filed an amended complaint naming TNM&O as an additional defendant. Pursuant to Fed.R.Civ.P. 12(b)(2), TNM&O moves for dismissal of all claims against it based on lack of personal jurisdiction. Word moves for an adjudication that TNM&O is amenable to suit in Mississippi.

The claims against TNM&O are for negligence in the operation

of a passenger bus in Lamar, Colorado.  The plaintiff alleges that while he was a passenger on a bus owned and operated by TNM&O, the driver slammed on the brakes, causing him to fall and suffer injuries.  The accident and injuries are alleged to have occurred in Lamar, Colorado.  Complaint, Counts 2-8.

Rule 12(b)(2) allows for the dismissal of defendants over whom the Court cannot exercise personal jurisdiction.  In a diversity case such as this, this Court is bound by the same standards applicable under state law in analyzing whether personal jurisdiction exists.  Allred v. Moore and Peterson, 117 F.3d 278, 281 (5th Cir. 1997).

Mississippi law provides two general criteria for determining whether a court can sit in judgment over a non-resident defendant: (1) application of the Mississippi long-arm statute; and (2) conformity with the due process requirements of the Fourteenth Amendment of the United States Constitution.  Id.; Sorrells v. R & R Custom Coach Works, Inc., 636 So.2d 668 (Miss. 1994).  The Mississippi long-arm statute may be properly utilized in three situations: "(1) where the non-resident made a contract with a resident of this state to be performed in whole or in part in this state; (2) where the non-resident committed a tort in whole or in part in this state against a resident or non-resident of this state; or (3) where the non-resident did business or performed any character of work or service in this state."  Sorrells, 636 So.2d

at 671 (citing Miss. Code Ann. § 13-3-57 (Supp. 1995)).

The plaintiff bears the burden of proving that personal jurisdiction exists. <u>Rittenhouse v. Mabry</u>, 832 F.2d 130, 1382 (5th Cir. 1987). Defendant TNM&O is a Delaware Corporation with its principal place of business and headquarters in Lubbock, Texas. Affidavit of Bobby Greenhill. It operates regularly scheduled buses or coaches only in the states of Texas, Oklahoma, New Mexico, Colorado, Kansas and Wyoming. <u>Id</u>. It has never operated, nor does it presently operate any buses or coaches in the state of Mississippi. <u>Id</u>.

After conducting jurisdiction-related discovery, Word has not shown that TNM&O committed a tort, in whole or in part in Mississippi. Nor has he shown that he made a contract with TNM&O to be performed in whole or in part in this state. He also does not allege that TNM&O has ever conducted business, solicited business or maintained business contacts in this state. Nor has he shown that TNM&O consented to being sued in Mississippi through the appointment of an agent for service of process in this state. Mississippi's long-arm statute therefore does not confer personal jurisdiction over TNM&O.

In addition, the facts of this case fail to meet the "minimum contacts" requirement of the due process clause. <u>See</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945); <u>Administrators of the Tulane Educational Fund v. Cooley</u>, 462 So.2d 696, 704 (Miss. 1984).

The United States Supreme Court has established two categories of potential jurisdiction based on minimum contacts: (1) "specific jurisdiction" arises where the suit relates to the defendant's contacts with the jurisdiction, <u>Helecopteros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 414 (1984); (2) "general jurisdiction" arises where the suit does not arise out of or relate to the defendant's contacts with the state, but the defendant has established a general presence in the state.  <u>Id</u>.  There is no basis for specific jurisdiction in this case, inasmuch as the plaintiff's injury does not arise out of nor relate to any acts of TNM&O purposely directed at the forum state.  See <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 472 (1985).  For general jurisdiction, continuous and systematic business contacts with the forum are required, <u>id</u>., neither of which are alleged in this case.  Further, the affidavit of Bobby Greenhill establishes that such contacts did not exist.

The Court therefore finds that the plaintiff has failed to meet his burden of showing that personal jurisdiction over TNM&O exists.  Accordingly,

IT IS HEREBY ORDERED that the defendant Texas, New Mexico and Oklahoma Coaches, Inc.'s motion to dismiss for lack of jurisdiction **(docket entry 18)** is GRANTED;

FURTHER ORDERED that the plaintiff Walter Edgar Word's motion for partial summary judgment **(docket entry 31)** is DENIED;

FURTHER ORDERED that defendant Texas, New Mexico and Oklahoma Coaches, Inc., is dismissed from this action with prejudice.

SO ORDERED, this the   22nd   day of March, 2006.

                                                s/David Bramlette
                                               UNITED STATES DISTRICT JUDGE