IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER EDGAR WORD                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 5:05-cv-49(DCB)(JMR)

GREYHOUND LINES, INC; and
TEXAS, NEW MEXICO AND
OKLAHOMA COACHES, INC.                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Greyhound Lines, Inc.'s motion for summary judgment **(docket entry 54)**. Having carefully considered the motion, the defendant's memorandum brief and all supporting documents, and being fully advised in the premises, the Court finds as follows:

The plaintiff initially filed this action on February 25, 2002, in the Circuit Court of Warren County, Mississippi, against Greyhound Lines, Inc. ("Greyhound"). On April 14, 2005, Greyhound removed the action to this Court. On June 23, 2005, the plaintiff filed an amended complaint naming Texas, New Mexico and Oklahoma Coaches, Inc. ("TNM&O") as an additional defendant. TNM&O moved for dismissal of all claims against it based on lack of personal jurisdiction. The motion was granted by the Court on March 22, 2006. On March 31, 2006, the plaintiff's motion for reconsideration of the dismissal of TNM&O was denied.

The plaintiff's Amended Complaint alleges that he was riding as a passenger on a bus owned and operated by TNM&O, and that he

suffered injuries when the driver slammed on brakes outside of Lamar, Colorado, causing him to fall.  Amended Complaint, Counts 2-8.  Greyhound moves for summary judgment on grounds that the plaintiff's complaint states a cause of action against TNM&O only, not Greyhound.  The motion is unopposed by the plaintiff.

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

It has already been established that the plaintiff traveled by Greyhound bus from Salt Lake City, Utah, to Denver, Colorado, and from Dallas, Texas, to Vicksburg, Mississippi.  However, at the time of the accident which is the subject of this lawsuit, the

plaintiff was a passenger on a bus owned and operated by TNM&O, having changed bus lines for the segment of his journey from Denver, Colorado, to Dallas, Texas.  Under the common law, absent its own negligence, a carrier may not be held liable for the torts of a connecting carrier committed on the line of the connecting carrier.  Ephraim v. Safeway Trails, Inc., 341 F.2d 815, 818 (2nd Cir. 1965)(citing Louisville & N.R.R. v. Chatters, 279 U.S. 320 (1929)); 13 C.J.S. Carriers § 702 ("A carrier who sells a ticket for transportation of a passenger over its own and connecting lines is in general liable only for injuries due to the torts of its own employees ...."); Rookard v. Mexicoach, 680 F.2d 1257, 1260 ("We are aware of no cases which support the imposition of liability upon a common carrier for negligent acts of third parties unconnected with the commissioned carriage.").  The plaintiff has failed to allege or to show any fault or breach of duty owed him by Greyhound.  In addition to the rule set forth in Chatters, the National Bus Traffic Association ("NBTA"), pursuant to 49 U.S.C. §13703, has established rules and regulations for transporting bus passengers, which provide in part: "Carriers will not be liable and do not assume responsibility for death or bodily injury to passengers incurred in transportation over the lines of other Carriers."  National Passenger Tariff, Section A3, Rule 6(5).

Pursuant to the common law, and the NBTA rules and regulations, TNM&O is the only carrier that could be liable to the

plaintiff under the allegations of the complaint, and summary judgment in favor of Greyhound is warranted.  If the plaintiff wishes to pursue his negligence action against TNM&O he must do so in a court of appropriate jurisdiction.  Accordingly,

IT IS HEREBY ORDERED that the defendant Greyhound Lines, Inc.'s motion for summary judgment **(docket entry 54)** is GRANTED.

A separate final judgment, dismissing Greyhound with prejudice and dismissing TNM&O without prejudice, shall be entered in accordance with Fed.R.Civ.P. 58.

SO ORDERED, this the  28th  day of June, 2006.


                                   s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE

4